**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | Crim. No. 05-451 |
| ) | |
| **VICTOR MANUEL CRUZ-GARCIA** ) | |
|    a/k/a "Flaco" ) | |
| ) | |

## GOVERNMENT'S MOTION TO DETAIN DEFENDANT PENDING TRIAL

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby moves to detain defendant Victor Manuel Cruz-Garcia, a/k/a "Flaco", pending trial. In support thereof, the government shows the following:

FACTS

1. On December 20, 2005, Victor Manuel Cruz-Garcia, a/k/a "Flaco", the defendant, along with Rene Oswald Cobar and Luis Angel Gonzalez-Largo, a/k/a "Lucho", were indicted by a federal grand jury in the District of Columbia and charged with conspiring to distribute five (5) kilograms or more of cocaine, intending or knowing that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a)(1), 960, and 963 and Title 18, United States Code, Section 2. On Friday, April 7, 2006, the defendant was arrested in Nicaragua and turned over to Special Agents of the United States Drug Enforcement Administration (DEA). On Saturday, April 8, 2006, he was paroled into the United States and transferred to the custody of the United States Marshal's Service (USMS).

The facts of the case reveal that Victor Manuel Cruz-Garcia, a/k/a "Flaco", Rene Oswald

Cobar and Luis Angel Gonzalez-Largo, a/k/a "Lucho", between September 26, 2003 and April 13, 2004, conspired to send 400 kilograms of cocaine from Panama to a buyer in Las Vegas, Nevada. Cobar was representing the buyer in Las Vegas, Cruz-Garcia was acting as the Central American-based broker for the deal, and Gonzalez-Largo was the supplier. Both Cruz-Garcia and Gonzalez-Largo informed Cobar that the latter was in possession of 800 kilos of cocaine in Panama. They agreed with Cobar to provide 400 kilos based on an up front payment, but that if the initial deal went well, another 400 kilos could be provided on credit. In February, 2004, they tried to consummate the deal. An individual connected with the buyers provided Gonzalez-Largo with a truck in Panama to pick up the 400 kilos, which would later be turned over to the buyers' representatives in Panama City. Gonzalez-Largo, a Colombian national, told the buyers' representatives that he was aligned with the Colombian paramilitaries and could get the deal done.

However, Gonzalez-Largo was ultimately unable to get the 400 kilos into Panama City, due to problems with the police and checkpoints. The deal completely fell through when both Cobar and Gonzalez-Largo were arrested on unrelated charges. On April 6, 2004, Cobar was arrested in New York while attempting to pick up, and in turn have a money launderer deposit, $210,000 into accounts to be wired down to South America. On April 13, 2004, Gonzalez-Largo was arrested in Nicaragua with nearly $800,000 in cash. He stated to Nicaraguan authorities that the money was to be used for the purchase of weapons for the United Self Defense Forces of Colombia (AUC). He remains in Nicaraguan custody.

## ARGUMENT

<u>Statutory Presumption</u>

The presumption of detention under 18 U.S.C. §3142(e) applies in this case. Under 18 U.S.C. §3142(e), there is a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community if the judicial officer finds that there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. An indictment charging a qualifying offense, as is the case here, is sufficient to trigger this presumption. United States v. Smith, 79 F.3d 1208 (D. C. Cir. 1996); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986). When the presumption is triggered, it operates "at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D. C. Cir. 1985).

Nature and Circumstances of Offense Charged

The offense charged involves an international drug conspiracy to distribute huge quantities of cocaine, with the ultimate goal of importation into the United States. One of the charged conspirators is aligned with an armed paramilitary organization in Colombia.

Weight of the Evidence

On December 20, 2005, after hearing a summary of the evidence in the case, a federal grand jury found probable cause to believe that Victor Manuel Cruz-Garcia, a/k/a "Flaco", Rene Oswald Cobar, and Luis Angel Gonzalez-Largo, a/k/a "Lucho" had committed the charged offense.

History and Characteristics of the Defendant

Victor Manuel Cruz-Garcia, a/k/a "Flaco" is a Guatemalan citizen with no known ties to

the United States, much less to this community. To the best of the Government's knowledge, he has never been in the United States and has no ties to anyone or any place in the United States. The fact that the defendant is a Colombian citizen with no current ties to the United States argues in favor of his detention pending trial. 18 U.S.C. § 3142(g)(3)(A).  See United States v. Townsend, 897 F.2d 989 (9th Cir. 1990).  Several courts have ordered pretrial detention of foreign defendants without any contacts to the United States. E.g., United States v. Vargas, 804 F.2d 157 (1st Cir. 1986) (Chilean defendant in drug importation case who had no family ties to U.S. was properly detained when no conditions or combination of conditions would reasonably assure his appearance at trial); United States v. Geerts, 629 F.Supp. 830 (E.D. Pa. 1985) (defendant was citizen of Netherlands who faced possibility of approximately fifty years imprisonment on customs related charges and had no significant ties to United States; he thus presented serious risk of flight which justified pretrial detention).

    Safety of the Community

    The federal courts have recognized that drug traffickers, particularly those in positions of authority, are likely to continue engaging in drug related activities if released on bail and thus constitute a danger to the community. See United States v. Knight, 636 F.Supp. 1462 (S.D. Fla. 1986). Accord United States v. Creekmore, 1997 W.L. 732435 (D.D.C. 1997)(Facciola, J.).

    Although the defendant's involvement in an international drug trafficking conspiracy is alone sufficient to warrant detention without bond, the potential danger to the community is aggravated in this case by the fact that the defendant's indicted coconspirator, Gonzalez-Largo, works to obtain weapons for the AUC, the Colombian paramilitary group which has been designated a terrorist organization by the U.S. Department of State.

Risk of Flight

A determination of risk of flight must be supported by a preponderance of the evidence.  <u>United States v. Xulam</u>, 84 F.3d 441, 442 (D. C. Cir. 1996).  The Government submits that Cruz-Garcia is a significant flight risk, and due to the seriousness of the crime charged, he would attempt to leave the U.S. if given the opportunity.  He is a Guatemalan national who has no known ties to the United States.  He has no independent immigration status in the U.S. since he was only allowed to enter the U.S. to face the current charges.  Moreover, there are compelling reasons to believe that the defendant would have the ability to flee this country if he were released on bond because of his numerous contacts in Central and South America.  In the event that he were to abscond, it would be almost impossible to ever locate him again.

**WHEREFORE**, for the foregoing reasons, the Government submits that defendant Victor Manuel Cruz-Garcia, a/k/a "Flaco" be detained without bond pending trial.


Respectfully submitted,


_____
James A. Faulkner
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
(202) 616-8648


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion To Detain Defendant Pending Trial and Proposed Order of Detention will be hand delivered to defense counsel for Victor Manuel Cruz-Garcia, a/k/a "Flaco, in open court at his initial appearance on April 10, 2006.

5

                                                                                                              _____

                                                                                                              James A. Faulkner