UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 05-451 (RCL) |
| RENE OSWALD COBAR (1), | ) |
| | ) |
| & | ) |
| | ) |
| LUIS ANGEL GONZALES-LARGO (2), | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Defendant Cobar filed a motion [21] to dismiss the case for lack of venue under Article III, Section 2 of the United States Constitution. The government filed an opposition [24] thereto, and Cobar filed his reply brief [26]. Defendant Luis Angel Gonzales-Largo filed a motion [28] to join defendant Cobar's motion to dismiss the indictment for lack of venue. On September 26, 2006, the parties participated in oral argument before this Court on the issue of proper venue.

Upon a thorough review of each party's filings, arguments, the applicable law and the entire record herein, this Court has determined that defendant Cobar's motion to dismiss the case for lack of venue shall be GRANTED, and that defendant Gonzales-Largo's motion to dismiss for lack of venue shall be GRANTED.

I.     BACKGROUND

Defendants Rene Oswald Cobar and Luis Angel Gonzales-Largo are two of three people charged in a one-count indictment that alleges a conspiracy to distribute an illegal drug.[1]  Count One charges the defendants with conspiracy to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending or knowing that it would be unlawfully imported into the United States from Guatemala, Nicaragua, and from elsewhere outside of the United States, in violation of Title 21, United States Code, Sections 959 and 960.

II.    DISCUSSION

The present dispute before this Court concerns the propriety of venue.  The law concerning venue is clear.  Article III, Section 2 of the U.S. Constitution provides that:

> The trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State the Trial shall be at such Place or Places as the Congress may by Law have directed.[2]

The Sixth Amendment to the Constitution supplements the venue protections afforded to defendants by providing that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury *of the State and district where the crime shall have*

---

[1] Subsequent to the oral argument, but prior to the rendering of this opinion, the government filed a motion to dismiss the indictment against the third defendant in this case, Victor Manuel Cruz-Garcia.  The Court granted the government's motion, and dismissed the indictment against Mr. Cruz-Garcia.  Accordingly, this memorandum opinion shall not apply to Mr. Cruz-Garcia.

[2] U.S. Const. art. III, § 2.

been committed. . . ." U.S. Const. amend. VI.[3]  Put simply, venue exists only in the district where the crime charged was committed.  Moreover, in light of the constitutional significance placed on venue, "[t]he government bears the burden of establishing by a preponderance of the evidence that venue is proper with respect to each count charged against the defendant." *United States v. Lam Kwong-Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991).

In order to determine where proper venue for trial lies, this Court must assess the *locus delicti* of the charged offense.  *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 280-81 (1999); *United States v. Cabrales*, 524 U.S. 1, 6-7 (1998).  In analyzing the *locus delicti*, the Court must determine the conduct constituting the offense, and the location where the alleged criminal conduct was completed.  *Rodriguez-Moreno*, 526 U.S. at 279.  The defendant currently stands charged with conspiring to extraterritorially distribute or manufacture controlled substances with the intent or knowledge that these controlled substances would be unlawfully imported into the United States.[4]  Accordingly, we must now examine the *locus delicti* of criminal conspiracy.

### A.     *Conduct Constituting the Offense*

The crime of conspiracy is "an agreement to commit an unlawful act."  *United States v. Jimenez Recio*, 537 U.S. 270, 274 (2003) (quoting *Iannelli v. United States*, 420 U.S. 770, 777

---

[3] Rule 18 of the Federal Rules of Criminal Procedure implements these two constitutional mandates.  Fed. R. Crim. P. 18 ("Except as otherwise permitted by statute or these rules, the prosecution shall be had in the district in which the offense was committed.").

[4] The defendant was also charged with money laundering in a previous indictment brought before the United States District Court in Nevada, arising out of conduct that allegedly occurred in New York, Florida, and Texas.  Interestingly, the U.S. District Court in Nevada dismissed this count without prejudice for lack of proper venue because the essential elements of the money laundering charge did not occur within the borders of Nevada.

(1975)). It is "a distinct evil" from the underlying substantive offense, and is punishable in itself, regardless of whether the substantive crime is committed. *Salinas v. United States*, 522 U.S. 52, 65 (1997). At common law, the crime of conspiracy was indictable upon the formation of the agreement, and no overt act in furtherance of the conspiracy was required. *Hyde v. United States*, 225 U.S. 347, 359 (1911). Over time, federal statutes began to include as a required element of conspiracy proof of an overt act in furtherance of conspiracy. *Id.* at 356-57; *see also* 18 U.S.C. § 371 (general federal conspiracy statute). Recently, however, in enacting the drug conspiracy statutes, Congress returned to the common law understanding of conspiracy by omitting the overt act requirement found in the general conspiracy statute. 21 U.S.C. §§ 846 and 963; *see also United States v. Yonn*, 702 F.2d 1341, 1348 n.6 (11th Cir. 1983) ("[N]o averment of overt acts in a § 963 charge is required in this circuit."); *United States v. Dean*, 666 F.2d 174, 178 (5th Cir. 1982) ("The government need not show that either man committed an overt act in furtherance of the conspiracy [under § 963].)"; *United States v. Grammatikos*, 633 F.2d 1013, 1023 (2d Cir. 1980) (holding that "overt acts in furtherance of [schemes to import or distribute controlled substances] need be neither pleaded nor proven"). As a result, a defendant can be found guilty of conspiracy to unlawfully import a controlled substance s under § 963 upon the formation of the unlawful agreement to import the controlled substance.

      The government contends that, for venue purposes, the conspiracy charge under § 963 must be read within the context of the underlying crime that the defendants are charged with conspiring to violate. The defendants have been indicted for conspiring to violate a law that, according to its statutory language, is extraterritorial in nature because it "is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United

4

States." 21 U.S.C. § 959(c).  Reading the two provisions together, the conspiracy provision must also be extraterritorial because the defendants conspired to violate a law governing extraterritorial conduct.  Therefore, the government argues, a defendant can neither violate *nor conspire to violate* § 959 without the crime occurring outside the United States, and consequently, outside the jurisdiction of any state.  Congress designated that proper venue for violation of § 959 lies in the United States District Court for the District of Columbia or in the district where the defendant is first brought.  Therefore, the government argues venue is proper before this Court for a trial for a § 963 conspiracy to violate § 959(a).

   The government's position is untenable for a number of reasons.  First, the government's position improperly conflates the charge of conspiracy with the underlying substantive offense.  As the indictment indicates, the defendant stands charged with *conspiracy to violate* an extraterritorial provision, and not a violation of the extraterritorial provision itself.  This is undoubtedly due to the fact that the defendants never consummated the object of their illegal agreement.  The indictment indicates that an alleged illegal agreement was entered into by the defendants to distribute and import narcotics into the United States, but admits that the actual distribution and importation of the narcotics never occurred.  The commission of these acts of importation and distribution would undoubtedly have served to further the conspiracy and make the defendant eligible for prosecution under § 959.  The fact that the government concedes that these acts did not occur, however, highlights the absence of elements sufficient to establish a §959 charge, and shows a clear distinction between a charge of conspiracy under § 963 and the underlying substantive offense.

Second, the government's position runs counter to the very statutory language of the provisions themselves. Nothing in the language of § 963 indicates that the two provisions must be read in conjunction with each other for venue purposes. *See* 21 U.S.C. § 963. Rather, § 963 merely states that any person who conspires to violate an underlying substantive offense such as § 959 is "subject to *the same penalties* as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 963. Though the government suggests that this requires the Court to look at the venue provision under § 959(c) and apply it to the conspiracy charge, a provision establishing venue does not amount to a penalty. Rather, it is a provision ensuring a defendant's constitutional rights under Article III of the U.S. Constitution.[5] This reasoning is bolstered by 21 U.S.C. § 960(b), which details penalties for violations of provisions within the subchapter, including § 959. Accordingly, to the extent that any provisions must be read together, the statutory language dictates that § 963 should be read together with § 960, not § 959.

Finally, courts have consistently agreed that a separate venue analysis must be conducted for charges of conspiracy and the underlying substantive offense. *United States v. Barnard*, 490 F.2d 907, 910-12 (9th Cir. 1973) (conducting a separate venue analysis for conspiracy under §

---

[5] Even if the Court was convinced by the government's argument, the Court is dubious as to whether it would be able to apply § 959(c) to the charged offense of conspiracy in light of the evidence put forth by the government in its indictment. As previously noted, § 959(c) establishes venue in "in the United States district court at the point of entry where such person enters the United States, or in the United States District Court for the District of Columbia" for "*acts of manufacture or distribution* committed outside the territorial jurisdiction of the United States." 21 U.S.C. § 959(c). As has already been noted, however, even the government concedes that no acts of either manufacture or distribution took place. The only alleged illegal activity was an agreement to commit those acts, which ultimately failed to take place. Accordingly, even if this Court were convinced that it should look to § 959(c) for venue purposes, the language of the statute clearly prevents this Court from applying it solely to the crime of conspiracy.

963 and the underlying substantive offense under § 841); *United States v. Walden*, 464 F.2d 1015 (4th Cir. 1972); *United States v. Jordan*, 946 F. Supp. 895 (D. Nev. 1994); *United States v. LaFleur*, 669 F. Supp. 1029 (D. Nev. 1987). This type of separate venue analysis in conspiracy cases is necessary in light of the distinct advantages afforded the government in prosecuting a defendant for conspiracy. *Walden*, 464 F.2d at 1020 ("To add to these advantages already existing by engrafting a forum shopping option as to substantive offenses would, we think, go too far.").

Accordingly, the Court need only consider the formation of the unlawful agreement in determining venue for the § 963 conspiracy charge at issue in this matter.

### B.     *Location of the Acts Constituting § 963 Conspiracy Against Defendant Cobar*

Under *Rodriguez-Moreno*, the elements of the crime being determined, the Court must now ascertain where the elements occurred. In this case, the Court must assess where the unlawful agreement to import a controlled substance occurred. If the government fails to establish that the unlawful agreement occurred in such a district as to warrant jurisdiction before this Court, then the Court must find that venue is not properly before this Court.

As the Supreme Court has held, in a criminal conspiracy trial the State where the conspiracy was formed is the proper venue under Article III for prosecution. *Whitfield v. United States*, 543 U.S. 209, 218 (2005). Venue is also proper "in any district in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the conspiracy offense." *Id.* Moreover, if the indictment does not charge that the conspiracy was formed within the district where the conspiracy is being tried, that court does not have proper jurisdiction over the case unless some act creating the conspiracy–or in furtherance

thereof–occurred within the district. *United States v. Trenton Potteries Co.*, 273 U.S. 392, 402-03 (1927) (citing *Hyde v. United States*, 225 U.S. 347 (1912)). Similarly, the D.C. Circuit has held that venue in this district for conspiracy under § 963 is proper so long as a nexus between the object of the conspiracy and this district exists. *United States v. Haire*, 371 F.3d 833, 837-38 (D.C. Cir. 2004), *vacated on other grounds*, 543 U.S. 1109 (2005) (vacating judgment and remanding in light of *United States v. Booker*, 543 U.S. 220 (2005)).

      The government argues that the extraterritorial presence of Mr. Cobar's alleged co-conspirators brands the conspiracy as extraterritorial in nature. In their view, the defendant's presence in Las Vegas does not mandate that the conspiracy was formed there, particularly in light of the fact that his alleged co-conspirators never entered the United States. Inherent in their argument appears to be the contention that the defendant's activities of calling from Nevada to Guatemala and Costa Rica establishes the conspiracy as a continuing offense involving the importation of an object or person into the United States under 18 U.S.C. § 3237. Accordingly, the government argues venue for § 963 conspiracy should be proper in the District of Columbia under 18 U.S.C. § 3237 as a continuing offense which triggers the venue provision within § 959(c) granting venue before this Court.

      The government's argument is misplaced, however, with respect to its prosecution of Mr. Cobar. The Supreme Court has recognized that a charge of conspiracy "shall be tried in the state and district where [the conspiracy was formed], not necessarily in the state or district where the [co-conspirators] happened to be at the time [of its formation]." *Burton v. United States*, 202 U.S. 344, 387 (1906). Moreover, "if the conspiracy be entered into within the jurisdiction of the trial court, the indictment will lie there, though the overt act is shown to have been committed in

another jurisdiction, or even in a foreign country." *Hyde v. Shine*, 199 U.S. 62, 76-77 (1905) (citing *Dealy v. United States*, 152 U. S. 539 (1894)).    Therefore, the alleged co-conspirators' presence outside the country does not establish that the conspiracy is necessarily an extraterritorial offense for the purposes of prosecuting Mr. Cobar.  Rather, defendant Cobar's trial for conspiracy shall be properly held where he entered into the unlawful agreement notwithstanding the extraterritorial presence of his alleged co-conspirators.[6]

Here, the government has not put forth any evidence that the conspiracy was entered into within the District of Columbia, or even that a nexus between the conspiracy and this district exists.  According to grand jury testimony, the initial indictment, and discovery materials cited by the defendant, assuming such a conspiracy occurred, the conspiracy was allegedly established as a result of a series of telephone calls that Mr. Cobar made from his phone in Las Vegas to alleged co-conspirators in Guatemala and Costa Rica during December 2003.  Discovery materials also establish that the defendants engaged in acts to further the alleged conspiracy in both Nevada and

---

[6] In addition, though 18 U.S.C. § 3237 does govern offenses begun in one district and completed in another, it does not follow that its application necessitates proper venue before this Court.  As the language of the statute points out, any such offense may be prosecuted "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).  The provision goes on to add that those offenses involving importation of an object or person may be prosecuted "in any district from, through, or into which such commerce, mail matter, or imported object or person moves." 18 U.S.C. § 3237(a).  As this Circuit has previously held in a case involving prosecution for conspiracy under § 963, this necessitates a finding of a nexus between the "object" of the conspiracy and the venue in which the prosecution is being brought. *United States v. Haire*, 371 F.3d 833, 837-38 (D.C. Cir. 2004), *vacated on Booker grounds*, 543 U.S. 1109 (2005) (holding that venue in the District of Columbia was proper for conspiracy under 21 U.S.C. § 963 where imported cocaine was brought into the District of Columbia).  As the indictment and discovery evidence indicate, however, there is no such link between this district and the conspiracy. Therefore, § 3237 cannot establish venue before this Court.

Florida. The government has not proffered any potential evidence linking the formation or the object of the conspiracy to the District of Columbia.[7]

Accordingly, for the purposes of the conspiracy charge against Mr. Cobar, this Court finds that the government has failed to meet its burden to establish the location where the unlawful agreement was formed so as to vest proper venue before this Court.

    *C.*    *Location of the Acts Constituting § 963 Conspiracy Against Defendant Gonzales-Largo*

With respect to the § 963 conspiracy charge against defendant Gonzales-Largo, the Court also finds that the government has failed to meet its burden of establishing that venue is proper before this Court. According to the facts proffered in the initial indictment, to the extent Mr. Gonzales-Largo had any connection with the alleged conspiracy, it occurred solely outside the jurisdiction of the United States. As the initial indictment states, Mr. Gonzales-Largo allegedly entered into the conspiracy as a result of phone calls made to him while he was in Costa Rica. Mr. Gonzales-Largo also made attempts to obtain cocaine while in Panama City, Panama.

This proffered evidence indicates to the Court that, to the extent that Mr. Gonzales-Largo committed a crime of conspiracy, it was committed completely outside the jurisdiction of any district in the United States. Accordingly, for venue purposes, the prosecution of such a crime falls under the purview of 18 U.S.C. § 3238, which governs crimes not committed in any district. Under § 3238, prosecution for such crimes must be brought "in the district in which the offender

---

[7] Though it is this Court's sole responsibility to determine whether venue is proper before this Court, it is worth noting that to the extent that the defendant entered into any conspiracy at all, the evidence suggests he did so within the boundaries of the state of Nevada, where the initial charge of conspiracy against the defendant was brought.

. . . is arrested or is first brought." 18 U.S.C. § 3238. Venue is proper in the District of Columbia under § 3238 only if the defendant is either not arrested or not brought into any district. 18 U.S.C. § 3238.[8]

Here, however, the indictment was initially brought against the defendants in the District of Nevada, and was subsequently removed to the District of Columbia. Accordingly, under 18 U.S.C. § 3238, venue is improper before this Court for the conspiracy charge against Mr. Gonzales-Largo because this Court is not the first district into which he was brought. Rather, venue is proper in the District of Nevada.

### III.    CONCLUSION

Under Article III of the U.S. Constitution, proper venue exists in the district where the crime charged was committed. The government bears the burden of establishing that venue is proper. Venue for conspiracy under § 963 is proper before a court located within a district in which the unlawful agreement was reached. In this case, the government has failed to meet its burden to establish that Mr. Cobar's participation in the formation of the unlawful agreement constituting a conspiracy under 21 U.S.C. § 963 occurred in a location as to warrant proper venue before this Court. Moreover, venue is improper before this Court for the conspiracy charge against defendant Gonzales-Largo because his participation in the conspiracy was committed completely outside any jurisdiction within the United States. Therefore, pursuant to 18 U.S.C. 3238, which governs crimes committed outside of any district in the United States, venue is proper in the district where Mr. Gonzales-Largo was first indicted, which occurred in the District

---

[8] Even if the defendant is not brought into a district for prosecution, according to § 3238 venue is only proper in the District of Columbia if the defendant's last known residence within the United States is unknown. 18 U.S.C. § 3238.

of Nevada. Accordingly, both defendants' motions to dismiss the case will be GRANTED for lack of venue before this Court.

    A separate Order shall issue this date.

    Signed by Royce C. Lamberth, United States District Judge, November 9, 2006.